James D. Holman, Esq., ISB #2547
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| CAMILLE VANDERGRIEND, | ) | Case No. _____ |
|---|---|---|
| Plaintiff, | ) | COMPLAINT AND |
| | ) | DEMAND FOR JURY TRIAL |
| v. | ) | |
| BABCOCK & WILCOX TECHNICAL SERVICES GROUP, INC., | ) | |
| Defendant. | ) | |

Plaintiff Camille VanDerGriend, for cause of action against Defendant Babcock & Wilcox Technical Services Group, Inc., states and alleges as follows:

1.  This court has jurisdiction pursuant to The Equal Pay Act of 1963, 29 U.S.C. § 206(b).

2.  Plaintiff Camille VanDerGriend is a resident of Bonneville County, Idaho.

3.  Defendant Babcock & Wilcox Technical Services Group, Inc. is a corporation which is incorporated under the laws of the Commonwealth of Virginia and is authorized to do business in the state of Idaho.  At all times relevant hereto defendant was doing business in the state of Idaho.

4. Defendant Babcock & Wilcox Technical Services Group, Inc. is an employer within the meaning of 29 U.S.C. § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), Fair Labor Standards Act of 1938.

5. At all times relevant hereto plaintiff was a female employee of defendant. On or about July 9, 2006 plaintiff began her employment with defendant as an administrative assistant.

6. On or about March 9, 2007 defendant transferred plaintiff to the Environmental Group. On April 9, 2007 plaintiff completed her qualifications as an Environmental Technician. As of said date plaintiff should have received pay which was equivalent to that of her male predecessor. However, defendant refused to increase plaintiff's pay.

7. On or about September 1, 2007 defendant hired a male employee to work in the Environmental Group. This male employee occupied a job position which was the same or substantially similar to that of plaintiff and which required equal skill, effort and responsibility under similar working conditions at the same establishment.

8. Notwithstanding the fact that plaintiff and the male employee worked at the same or substantially similar job positions requiring equal skill, effort, and responsibility under similar working conditions, defendant paid plaintiff at a rate less than that paid to the male employee.

9. The differential rate of pay was not part of or occasioned by a senority system, merit system, system based on the quantity or quality of production or upon a factor other than sex.

10. During the period of plaintiff's employment, defendant was subject to the provisions of The Equal Pay Act.

11. Defendant's failure to pay to plaintiff compensation in an amount equal to that which defendant paid to the male employee is a violation of 29 U.S.C. § 206(d)(1), The Equal Pay Act of 1963. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant back pay and an additional equal amount as liquidated damages.

12. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as the costs of the action.

WHEREFORE, plaintiff prays the judgment, order and decree of this court as follows:

1. For an award of damages in the amount of plaintiff's back pay, in accordance with 29 U.S.C. § 216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

3. For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. § 216(b); and

4. For such other and further relief as the court deems just and proper.

DATED this 10th day of March, 2009.

                THOMSEN STEPHENS LAW OFFICES, PLLC

                By:   /s/_____
                        James D. Holman, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of not less than six persons as to all issues triable to a jury in this matter.

DATED this 10th day of March, 2009.

> THOMSEN STEPHENS LAW OFFICES, PLLC
>
> By:   /s/_____
>            James D. Holman, Esq.

JDH:skp
6953\001 Complaint.wpd